UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DARREL WAYNE VANDERGRIFF,

　　　　Plaintiff,

　　v.

TONY GAMBONE *et al.*,

　　　　Defendants.

Case No. C06-5381RBL

REPORT AND RECOMMENDATION

NOTED FOR:
DECEMBER 8th, 2006

　　　This Civil Rights action, brought under 42 U.S.C. 1983, has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. § 636(b)(1)(B). The plaintiff has been granted leave to proceed *in forma pauperis*.

　　　Before the court is defendants motion to dismiss for failure to exhaust administrative remedies (Dkt. # 31). Plaintiff has responded ,(Dkt. # 32), defendants have replied (Dkt. # 35). This matter is now ripe for review.

## FACTS

　　　There are eight named defendants in this action. They are Anthony Gambone, Dean Mason, Arnold Morton, Vera Talseth, Robert "Rusty" Smith, Allen Hayter, Stephen Hixson, and Timothy Panek. Plaintiff's complaint raises Eighth Amendment claims for deliberate indifference to medical

REPORT AND RECOMMENDATION - 1

needs. Plaintiff also names some of the defendants as a result of their handling of or responding to grievances (Dkt. #6).

Defendants move to dismiss and place before the court the record of grievances filed by plaintiff that are relative to the complaint (Dkt. # 31-2). The record shows that only one grievance was exhausted through the grievance process (Dkt. # 31-2, pages 23 to 27). This grievance involves health care services delivered to plaintiff by defendant Gambone in early May of 2005. No other issue or claim in this action has been exhausted. Defendants argue the entire action should be dismissed (Dkt. # 31).

Plaintiff argues it took ten months to exhaust one grievance and the system simply does not work (Dkt. # 32). Plaintiff asks the court to take into account the failures on the part of the grievance system to follow its own time lines and asks the court declare the system "Moot" (Dkt. # 32  pages 7 and 8).

## STANDARD

Defendants challenge the complaint on the grounds that plaintiff has failed to exhaust administrative remedies. (Dkt. # 31). A motion to dismiss for failure to exhaust administrative remedies is an unenumerated 12 (b) motion. The court may consider evidence outside the pleading without converting the motion to a motion for summary judgement. The burden of pleading and proving failure to exhaust administrative remedies in the civil rights context is normally defendants. Wyatt v. Terhune, 315 F3d. 1108 (9th Cir. 2003).

## DISCUSSION

The Prison Litigation Reform Act ("PLRA") requires exhaustion of administrative remedies prior to filing a complaint in federal court. The relevant portion of the act states:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

Here, plaintiff filed this action while incarcerated and the act applies to him. The United States Supreme Court determined that Congress enacted the provision in order to reduce the quantity and

REPORT AND RECOMMENDATION - 2

improve the quality of prisoner suits. Porter v. Nussle, 534 U.S. 516 (2002).  By mandating exhaustion, Congress enabled corrections officials to address prisoner complaints internally.  Where exhaustion was once discretionary, it is now mandatory. "All 'available' remedies must now be exhausted; those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'" Porter v. Nussle, 534 U.S. 516 (2002) (quoting Booth v. Churner, 532 U.S. 731, 739 (2001)). The Porter Court ruled that "§ 1997e(a)'s exhaustion requirement applies to all prisoners seeking redress for prison circumstances or occurrences." Porter, 534 U.S. at 520.

Defendants have placed plaintiff's grievance record before the court and show only one issue in this action was exhausted (Dkt. # 31-2)  Plaintiff has failed to exhaust available remedies prior to filing this action.  Accordingly, all unexhausted claims should be **DISMISSED WITHOUT PREJUDICE.**

The only claim that should remain in this action is the exhausted claim regarding the health care plaintiff received from defendant Gambone in May 0f 2005.  While defendants argue this claim should also be dismissed, the court disagrees.  There is no judicial savings in dismissing any claim where the claim can simply be re-filed immediately as a free standing action in and of itself.  A proposed order accompanies this Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections.  *See also* Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  Thomas v. Arn, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **December 8th, 2006**, as noted in the caption.

DATED this 16th, day of November, 2006.

*/S/ J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3