UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DARREL WAYNE VANDERGRIFF,

   Plaintiff,

   v.

TONY GAMBONE,

   Defendant.

Case No. C06-5381RBL

REPORT AND RECOMMENDATION

**NOTED FOR:
April 27, 2007**

This Civil Rights action, brought under 42 U.S.C. 1983, has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. § 636(b)(1)(B). The plaintiff has been granted leave to proceed *in forma pauperis.*

Before the court is plaintiff's motion for summary judgment filed pursuant to Fed. R. Civ. P. 56 (a) (Dkt. # 44).

## FACTS

There is one claim and one defendant remaining in this action. The remaining claim involves medical treatment provided to Mr. Vandergriff in May of 2005. All other claims and defendants

REPORT AND RECOMMENDATION - 1

were dismissed at the 12 (b) stage for failure to exhaust administrative remedies (Dkt. # 41).

The court dismissed the other defendants and claims on December 13, 2006 (Dkt. # 41). Defendant Gambone did not file a timely answer. On February 5, 2007, the court entered and Order to Show Cause as the case was not proceeding (Dkt. # 42).

On February 28, 2007, Mr. Vandergriff filed this motion for summary judgment as the remaining defendant (Gambone) was in default. Five days later an answer was received and a scheduling order has been issued (Dkt. # 46 and 48).

## DISCUSSION

Default is disfavored. The test used in the Ninth Circuit has three factors. The three factors are: (1) whether the plaintiff has been prejudiced; (2) whether the defendants have a meritorious defense; and (3) whether or not culpable conduct led to the default. Falk v. Allen, 739 F.2d 461, 463 (9th Cir. 1985).

The test used by the Ninth Circuit assumes service was proper. Here, defendant avers it has not been properly served and plaintiff does not address that argument. Default at this junction would not be proper. The plaintiff's motion must be **DENIED.** inth Circuit is three factored. The three factors are: (1) whether the plaintiff has been prejudiced; (2) whether the defendants have a meritorious defense; and (3) whether or not culpable conduct led to the default. Falk v. Allen, 739 F.2d 461, 463 (9th Cir. 1985).

The test used by the Ninth Circuit assumes service was proper. Here, there is no indication plaintiff has been prejudiced by the two-month delay in filing an answer. The court noticed the delay in the case and entered an Order to Show Cause. That order precipitated the current motion and the filing of an answer.

It is too soon to determine if defendant Gambone has a meritorious defense, however the court notes he has denied that plaintiff is entitled to relief and has raised a number of affirmative defenses (Dkt # 46).

There is no indication the defendant or counsel were culpable in not filing a timely answer. The motion for summary judgement should be **DENIED.** A proposed order accompanies this Report and Recommendation.

REPORT AND RECOMMENDATION - 2

1   Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the
2   parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed.
3   R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of
4   appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule
5   72(b), the clerk is directed to set the matter for consideration on **April 27, 2007**, as noted in the
6   caption.

8   DATED this 28 day of March, 2007.

            */S/ J. Kelley Arnold*
            J. Kelley Arnold
            United States Magistrate Judge

28  REPORT AND RECOMMENDATION - 3